Ascher v New York City Dept. of Educ. (2025 NY Slip Op 00036)

Ascher v New York City Dept. of Educ.

2025 NY Slip Op 00036

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 152695/20 Appeal No. 3390 Case No. 2023-05806 

[*1]Debra Ascher, Plaintiff-Appellant,
v
New York City Department of Education, Defendant-Respondent.

Aidala Bertuna & Kamins, P.C., New York (Lawrence Spasojevich of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about June 12, 2023, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and denied plaintiff's cross-motion to amend the complaint, unanimously affirmed, without costs.
Plaintiff, who was employed by defendant as Director of Food Supply Chain Management, alleges that in 2017 defendant took retaliatory actions against her, including transferring her to a position of lesser authority, after she made objections to defendant's alleged use of unsafe food products. Plaintiff contends that her claim did not accrue until 90 days after the Special Commissioner of Investigation for the New York City School District (SCI) issued a report in her favor on February 7, 2019, which recommended that she be reinstated to her former position. Even assuming that the failure to implement that recommendation constituted a retaliatory act, the action was commenced over a year after the report was issued (see Labor Law § 740[4][a]; Civil Service Law § 75-b[3][c]; Donas v City of New York, 62 AD3d 504, 505 [1st Dept 2009]). Plaintiff provides no authority for her contention that the statute of limitations would not accrue until 90 days after the SCI report was issued. Therefore, regardless of whether plaintiff's claims accrued on July 24, 2017, or on February 7, 2019, this action was untimely.
The court properly denied plaintiff leave to amend the complaint. An amendment would have been futile because plaintiff's proposed amendment failed to correct the timeliness defect (see Farina v Katsandonis, P.C., 197 AD3d 1033, 1033 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025